**HERITAGE HOUSING CORPORATION, Appellant,**

v.

**Harriet A. FERGUSON, Appellee.**

**No. 05–82–00993–CV.**

Court of Appeals of Texas, Dallas.

Jan. 7, 1983.

F. Ward Steinbach, Dallas, for appellant.

Melvin J. Klein, Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and STEPHENS, JJ.

PER CURIAM.

Appellant has moved for leave of court to file a letter of credit in lieu of supersedeas bond. The issue presented is whether a letter of credit may be filed in lieu of a surety bond pursuant to rule 14c of the Texas Rules of Civil Procedure. We deny the motion on the ground that a letter of credit is not a "negotiable obligation" within that rule.

On August 12, 1982, the trial court set a supersedeas bond in the amount of $50,000. Instead of filing a bond appellant now seeks leave to file an irrevocable letter of credit in the same amount. The letter of credit was issued by the Republic Bank of Dallas, a federally chartered and insured bank, and it states, in pertinent part:

Each draft drawn under this Letter of Credit must be accompanied by this Letter of Credit. The drafts drawn under this Credit must be marked: 'Drawn under Republic Bank of Dallas, N.A. Credit No. RE2200–1331.' The amount of each draft must be endorsed on the reversed side hereof by the negotiating bank. We hereby agree with drawers, endorsers, and bona fide holders of drafts negotiated under and in compliance with the terms of this credit that the same shall be duly honored upon presentation and delivery of documents as specified, if negotiated or presented on or before August 30, 1983 in Dallas, Texas.

Appellant argues that rule 14c authorizes filing of a letter of credit in lieu of supersedeas bond. Rule 14c provides:

Wherever these rules provide for the filing of a surety bond, the party may in lieu of filing the bond deposit cash or other negotiable obligation on the government of the United States of America or any agency thereof, or with leave of court, deposit a *negotiable obli-*

*gation* of any bank or savings and loan association chartered by the government of the United States of America or any state thereof that is insured by the government of the United States of America or any agency thereof, in the amount fixed for the surety bond, conditioned in the same manner as would be a surety bond for the protection of other parties. Any interest thereon shall constitute a part of the deposit. [Emphasis added.]

Thus, we must determine whether a letter of credit is a negotiable obligation under Rule 14c.[1]

We conclude that the letter of credit does not comply with Rule 14c because it does not satisfy the test of negotiability provided by section 3.104(a) of the Texas Business and Commerce Code (Vernon 1968), which is as follows:

(a) Any writing to be a negotiable instrument within this chapter must

(1) be signed by the maker or drawer; and

(2) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this chapter; and

(3) be payable on demand or at a definite time; and

(4) be payable to order or drawer.

The letter of credit is an engagement by the bank that it will honor drafts or other demands of its customer for payment upon the compliance with the condition specified in the letter. It does not comply with the requisites of a negotiable instrument under 3.104(a) because it is not payable to order or bearer and it is conditioned on the presentation of certain documents on or before a specified date. Consequently, the letter is not itself a negotiable instrument, although a draft presented under it may be. *Pastor v. National Republic Bank of Chicago*, 56 Ill.App.3d 421, 14 Ill.Dec. 74, 371 N.E.2d

1. The motion does not show that appellant sought leave of the trial court, as required by rule 14c, but we need not consider this failure in view of our disposition of the motion.

1127 (Ill.App.1977); *Shaffer v. Brooklyn Park Garden Apts.,* 311 Minn. 452, 250 N.W.2d 172 (Minn.1972); *see generally,* J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code, § 18–2 (2nd Ed.1980).

Although we have found no Texas decision on the point, our conclusion is supported by *Republic National Bank v. Northwest National Bank,* 578 S.W.2d 109 (Tex. 1979), in which the Supreme Court held that letters of credit are generally governed by rules of contract as opposed to the rules of negotiable instruments.

Motion overruled.